GEORGE W. SHANER & SONS, PLAINTIFFS, v. THE BOARD OF EDUCATION OF THE CITY OF MILLVILLE ET AL., DEFENDANTS.

Argued January 19, 1927—Decided June 21, 1928.

Before Justices KALISCH and KATZENBACH.

For the motion, *Bleakly, Stockwell & Burling.*

*Contra, Louis H. Miller.*

PER CURIAM.

This is a motion to vacate an order made by the Supreme Court on October 21st, 1926. The order permitted the city of Millville, Irwin W. Kirk, director of revenue and finance of said city, and Irwin W. Kirk, as a resident in and taxpayer of said city, to intervene and defend the above action or prosecute any counter-claim therein, as they may

be advised, in the name of the board of education of the city of Millville, in the county of Cumberland, the defendant in said action. This order was made *ex parte* and without notice to the plaintiffs or to their attorneys, and without any knowledge on their part that an application for such an order was to be made. Immediately after making the order of intervention an answer was filed by the intervenors. This motion affords the plaintiffs their first opportunity to present to this court their side of the controversy as to the making of said order.

It appears that the board of education of the city of Millville entered into a contract for the erection of a high school. The contract contained provisions for a penalty to be paid by the contractor for failure to complete the same on time. The school building was not completed on time but was completed within such a time as enabled the pupils who were to attend school in such building to commence their work on time. The delay was not occasioned solely by the plaintiffs but in part by reason of the default of other contractors. The city of Millville was desirous that the full penalty should be exacted rather than that the matter should be left in the hands of the board of education of the city of Millville, which was the party that entered into the contract with the plaintiffs for adjustment.

Under the School law (*Comp. Stat., p.* 4740) it is provided, under section 45 of article 6, that "a board of education in a city school district shall be a body corporate and shall be known as and called 'the board of education of          , in the county of          , and shall adopt an official seal.' " Under section 94 of article 7 of said law it is provided as follows:

"A board of education may, in its corporate capacity, sue and be sued, complain and defend in any court of law and equity, and employ counsel therefor, and the amount of the expense incurred by said board in conducting or defending any such suit shall be certified to the assessor by the president and district clerk of such board, and said amount shall be assessed and collected in the next annual tax levy."

From these sections it is our opinion that the School law

makes the board of education a corporation, by which it is empowered to enter into contracts for the erection of schools, &c., and that matters growing out of such contracts are within the sole control of the board of education, and a municipal corporation has no standing to interfere with such action as the board of education may propose to take in the matter of adjusting differences under a contract for the erection of a school building.

It is only in certain classes of cases that a taxpayer may intervene. These provisions are found in sections 44 and 45 of the Practice act of 1903. Neither as a taxpaper nor as director of revenue and finance has the intervenor, Mr. Irwin W. Kirk, any standing in this action. Neither has the city of Millville. To countenance such an intervention is to transfer the power given to a board of education to the municipal government. This is not the scheme of the legislature. It would subordinate the board of education, which is an independent corporation, to the municipal body. It would make the members of the board of education manikins to be controlled by the action of the city. This, we do not think, as we have intimated, was the scheme of the legislature appertaining to a board of education. In many instances the members of board of education are elected. The law certainly does not mean that they are elected to be mere figureheads of the municipal government without the power to exercise discretion in matters appertaining to the government of schools. The mere fact that the principal and interest of bonds issued for school purposes has to be met by the city affords no sufficient grounds to subordinate a board of education to the whim or pleasure of the municipal government.

This is the view entertained by the United States District Court for the District of New Jersey in another action growing out of the erection of the same building instituted against the board of education of the city of Millville by one J. Howard Hutchinson.

The order of intervention, dated October 21st, 1926, will be vacated, with costs.